UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JON PIKE individually and on behalf of all other similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 1:11-cv-01304-MJD-WTL |
| NICK'S ENGLISH HUT, INC., ) ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO INTERVENE**

This matter comes before the Court on a Motion to Intervene filed by Society Insurance, the insurer for Defendant Nick's English Hut, Inc. [Dkt. 66.] For the following reasons, the Court **DENIES** Society's Motion.

### BACKGROUND

This case involves a proposed class action suit brought under the Electronic Funds Transfer Act. Plaintiff Jon Pike alleges that Defendant failed to post a required notice on an ATM that charged a fee for transactions. Defendant claims that its conduct fell within the statutory safe-harbor provision. The complaint was filed on September 26, 2011. On July 27, 2012, Plaintiff moved to certify the class, and on November 2, 2012, Plaintiff moved for summary judgment. Defendant's response to Plaintiff's Motion for Summary Judgment is presently due on January 25, 2013.

On August 17, 2012, Defendant's insurer, Society, filed a declaratory judgment action under Case No. 1:12-cv-1164-JMS-DML ("Declaratory Judgment Lawsuit") seeking a determination that it has no duty to defend Defendant Nick's against Plaintiff's claims and no duty to indemnify Nick's for any judgment obtained by Plaintiff in this matter. On December

17, 2012, ten days before the previously-scheduled settlement conference, Society filed a motion for permissive intervention, to which Plaintiff has objected. Society cites to Federal Rule of Civil Procedure 24(b)(1)(B) as the basis for its Motion to Intervene and seeks intervention "solely for the purpose of securing a stay to permit a determination of the issues raised in" the Declaratory Judgment Lawsuit.

## DISCUSSION

**A.     Legal Standard.**

"Permissive intervention is within the discretion of the district court . . . ." *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). "A request for permissive intervention under Rule 24(b) is addressed to the court's sound discretion." *City of Rockford v. Sec'y of Hous. & Urban Dev.*, 69 F.R.D. 363, 366 (N.D. Ill. 1975) (citation omitted).

**B.     Society Does Not Seek to Become A Party To This Case and Failed to Comply with Fed. R. Civ. P. 24(c).**

A party seeking permissive intervention must present a claim or defense that shares a common question of law or fact with the main action. Federal Rule of Civil Procedure 24(b) states:

> **(b) Permissive Intervention.**
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

Society has not presented a claim or defense to be asserted in this case and has made no showing that it intends to do so. To the contrary, Society seeks to intervene for the sole purpose of staying this action while it litigates the Declaratory Judgment Lawsuit. *See* Motion to Intervene ¶ 14 ("Society seeks leave to intervene in this matter [] solely for the purpose of securing a stay

to permit a determination of the issues raised in the Declaratory Judgment complaint."). This is not the purpose of intervention and does not comport with Fed. R. Civ. P. 24(b) and (c). *See Tech. Licensing Corp. v. Thomson, Inc.*, 684 F. Supp. 2d 1206, 1207 (E.D. Cal. 2010) ("Movants likewise are not entitled to permissive intervention because they do not seek to become parties to this action. Rather, their sole purpose of intervening is to stay the action and, whether the action is stayed or not, to have nothing to do with it after that.").

"Federal Rule of Civil Procedure 24(c) is unambiguous in defining the procedure for an intervenor. It requires that the motion to intervene shall be 'accompanied by a pleading setting forth the claim or defense for which intervention is sought.'" *Shevlin v. Schewe*, 809 F.2d 447, 450 (7th Cir. 1987). Rule 24(c) provides:

> **(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Society failed to provide any pleading[1] for which intervention was sought and thus, its Motion fails as a matter of law.

Society also fails to comply with the spirit of Rule 24(c) because it does not intend to become a party to this litigation or to assert any claim or defense. *See* Motion to Intervene ¶ 14 (stating that its sole purpose of seeking intervention is to obtain a stay of this litigation). Although Society compares the facts and law at issue in this action with those in its pending Declaratory Judgment Litigation, it does not seek to assert its Declaratory Judgment claims in this case. *See* Motion to Intervene ¶ 7 ("Intervention is proper in this matter as there are claims or defenses in both cases which share[] with the main action a common question of law or fact."); *id.* ¶ 12 ("Intervention is proper because there is a common question of fact and law in

---

[1] For purposes of the Federal Rules of Civil Procedure the word "pleading" is a term of art and does not encompass a motion to stay. Fed. R. Civ. P. 7(a).

Pike's cause of action and Society's Declaratory Judgment complaint as Pike seeks a determination that Nick's acted intentionally and in violation of a statute or criminally which are relevant to Society's defenses."). Society is not entitled to intervene in this action solely for the purpose of staying this case when it does not seek to assert any claims or defenses in this case. Society's position that its Declaratory Judgment Litigation claims share common questions of law and fact with those asserted in this case is irrelevant if Society does not seek to assert those claims in this matter. The Court finds that Society's motion does not comply with Fed. R. Civ. P. 24(c), and, thus, it fails as a matter of law.

C. **Society's Motion Is Untimely and May Result in Undue Delay to the Original Parties.**

Even if Society's Motion to Intervene complied with the requirements of Fed. R. Civ. P. 24(b) and (c), it is untimely in light of the procedural history of this case and will cause undue delay to the original parties. Rule 24(b)(3) requires the Court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See also Holland v. Sterling Enters., Inc.*, 777 F.2d 1288, 1293 (7th Cir. 1985) (citing *NAACP v. NY Aircraft Corp.*, 413 U.S. 345, 366 (1973); 7A C. Wright & A. Miller, *Fed. Prac. & Proc.*, § 1916 at 572 (1972)) ("Whether a motion to intervene should be denied because it was not made in a timely fashion is a decision committed to the discretion of the district court."). Here, Society's motion was filed over a year after this lawsuit was filed. Society did not file its Motion to Intervene until four months after it filed its Declaratory Judgment Lawsuit, 45 days after Plaintiff filed a motion for summary judgment, and only ten days before the original parties were prepared to meet at a settlement conference. Society stated that it "is defending this matter under a reservation of rights." Motion to Intervene ¶ 4(D). As a result, Society had knowledge of this

lawsuit for months, if not over a year, before seeking intervention. The Court finds that after considering the procedural history of this matter, Society's Motion is untimely.

The "sole" purpose of Society's motion, in its own words, is to "secur[e] a stay to permit a determination of the issues raised in the Declaratory Judgment complaint" – which is not set for trial until February 27, 2014. *See* Motion to Intervene ¶ 14; Docket for Declaratory Judgment Litigation. Society's sole purpose in intervening in this matter is to seek a stay of undetermined length of this case which would cause undue delay to the original parties. As a result, the Court finds that Society's intervention and requested stay would unduly delay the disposition of this case.

## CONCLUSION

For the foregoing reasons, the Court **FINDS** that Society has failed to comply with Fed. R. Civ. P. 24(c) and has also failed to exhibit circumstances that would cause the Court in its sound discretion to allow permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Therefore, the Court **DENIES** Society's Motion to Intervene [Dkt. 66].

Date: 01/14/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Kevin G. Kerr
HOEPPNER, WAGNER & EVANS LLP--Merrillville
kkerr@hwelaw.com

Michael Eugene Tolbert
HOEPPNER, WAGNER & EVANS LLP--Merrillville
mtolbert@hwelaw.com

David Michael Allen
MALLOR GRODNER LLP
mike@lawmg.net

Geoffrey Mitchell Grodner
MALLOR GRODNER LLP
gmg@lawmg.net

Kendra Gowdy Gjerdingen
MALLOR GRODNER LLP
kggjerdi@lawmg.net

Thomas Edward Rosta
METZGER ROSTA LLP
Tom@metzgerrosta.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com