UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JON PIKE individually and on behalf of all other similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 1:11-cv-01304-MJD-WTL |
| NICK'S ENGLISH HUT, INC., ) ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. 59]**

This matter comes before the Court on a Motion for Summary Judgment filed by Plaintiff Jon Pike. [Dkt. 59.] For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Mr. Pike's Motion.

**BACKGROUND AND UNDISPUTED MATERIAL FACTS**

This case involves a class action suit brought under the Electronic Funds Transfer Act ("EFTA"). Plaintiff Jon Pike alleges that Defendant Nick's English Hut, Inc. ("Nick's") failed to post a required notice on an ATM that charged a fee for transactions for the period of time between September 26, 2010 and September 26, 2011, when the Complaint was filed. The Court certified the class on January 14, 2013, and appointed Mr. Pike the class representative.

The following facts are undisputed. On or about September 27, 2010, Mr. Pike used the ATM inside Nick's, located at 423 E. Kirkwood Avenue, Bloomington, Indiana 47408 ("the ATM"), in order to withdraw cash for personal use. [Plaintiff's Memorandum in Support of Motion for Summary Judgment, *Pike v. Nick's English Hut, Inc.*, No. 1:11-cv-1304-MJD-WTL

(S.D. Ind. Nov. 2, 2012), ECF No. 60 (hereinafter Dkt. 60) at 60-2 at ¶¶ 4, 7.]  Nick's owned the ATM.[1]

The EFTA in effect at the time of the alleged acts relevant here, required that a notice informing a consumer of the fact that a fee is imposed and the amount of any such fee "shall be posted in a prominent and conspicuous location on or at the [ATM] . . . ."  15 U.S.C. § 1693b(d)(3)(B)(i).[2]  The EFTA prohibited collecting a fee for which the required notice was not provided.  15 U.S.C. § 1693b(d)(3)(C).  On September 27, 2010, the ATM did not have a fee notice sign affixed to it or in close proximity to it informing Mr. Pike that use of the ATM will or may result in an ATM surcharge.  [Dkt. 60-2 at ¶ 5.]  Mr. Pike was charged a $1.50 ATM surcharge fee for withdrawing cash from the Nick's ATM.  [*Id.* at ¶ 6.]

Nick's has no photographs of the ATM during the class period.  [Dkt. 60-6 at 10-11.]

## **STANDARD OF REVIEW**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor.  *See* Fed. R. Civ. P. 56.  To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[1] Mr. Pike provides in his Statement of Material Facts Not In Dispute that "Defendant is the owner and operator of the ATM," but does not provide any evidence to prove this alleged fact.  [Dkt. 60 at 7.]  Nick's admitted in its Answer to the Complaint that it owned the ATM, but denied that it was "an 'automated teller machine operator' as that term is defined in 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a)."  [Answer, Affirmative Defenses and Request for Jury Trial, *Pike v. Nick's English Hut, Inc.*, No. 1:11-cv-1304-MJD-WTL (S.D. Ind. Nov. 14, 2011), ECF No. 12 (hereinafter Dkt. 12) at ¶ 22.]

[2] Congress removed the exterior fee notice requirement of the EFTA on December 20, 2012 by Public Law 112-216.  *See infra* Part A.

As Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits.  Fed. R. Civ. P. 56(c)(1)(A).  A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1)(B) (2010).  Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated.  Fed. R. Civ. P. 56(c)(4).  Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment.  Fed. R. Civ. P. 56(e).  However, "entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment.  Instead 'the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate.'"  *Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19, 25 (1st Cir. 2006) (citing *Mullen v. St. Paul Fire & Marine Ins. Co.*, 972 F.2d 446, 452 (1st Cir. 1992) (citation and internal quotation marks omitted)).

The Court need only consider the cited materials and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them."  Fed. R. Civ. P. 56(c)(3); *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003) (citations omitted).  Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment.  *Johnson*, 325 F.3d at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved for the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330, n.2 (citation omitted).

## DISCUSSION

Mr. Pike argues that summary judgment should be entered in favor of the class members because Nick's has failed to show there are genuine issues of material fact concerning various affirmative defenses related to liability that fail as a matter of law. [Dkt. 60 at 1-2.] Mr. Pike also seeks an entry of summary judgment as to liability.

**A.   Congressional Amendment to the EFTA.**

On December 20, 2012, Congress eliminated the exterior fee notice requirement of the EFTA related to automated teller machine fees by Public Law 112-216. Title 15 U.S.C. § 1693b now provides:

> (B)  Notice requirement
>
> The notice required under clauses (i) and (ii) of subparagraph (A) with regard to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

15 U.S.C. § 1693b(3)(B). The implementing statute, 12 C.F.R. § 205.16, has not yet been amended consistent with 15 U.S.C. § 1693b. Congress provided no indication that the foregoing amendments were to apply retroactively. "[T]he law disfavors a retroactive application of a statute." *Stone v. Hamilton*, 308 F.3d 751, 754 (7th Cir. 2002) (citing *Bowen v. Georgetown*

4

*Univ. Hosp.*, 488 U.S. 204, 208 (1988)). "Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.* (citing *Bowen*, 488 U.S. at 208) (quotation marks omitted). "Where there is no congressional directive as to whether the statute should be applied retroactively the court must determine whether the application has retroactive effect. *Id.* (citing *Martin v. Hadix*, 527 U.S. 343, 357 (1999)). "A statute has retroactive effect when 'it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Id.* (citing *Ladgraf v. USI Film Prod.*, 511 U.S. 244, 269 (1994)). "In making its evaluation, this court must apply a 'commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment. This judgment should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations.'" *Id.* (citing *Martin*, 527 U.S. at 357-58).

Here, Mr. Pike brought his claim pursuant to a right existing prior to the adoption of P.L. 112-216 amending 15 U.S.C. § 1693b(d)(3)(B). Nick's responded to Mr. Pike's Motion for Summary Judgment on January 25, 2013 [Dkt. 76] – **after** the adoption of P.L. 112-216, which eliminates the exterior fee notice requirement of the EFTA. The Court assumes that Nick's does not contend that the changes to the EFTA apply retroactively or it would have raised this argument in response to Nick's Motion for Summary Judgment. Based upon the lack of explicit congressional direction that the changes to the EFTA apply retroactively, the fact that the law disfavors retroactive applicability of statutory law, and Mr. Pike's vested right to pursue a claim for violation of the EFTA, the Court finds that 15 U.S.C. § 1693b, as existing at the time of the alleged violation(s), is applicable to Mr. Pike's claims.

### B.    Unsupported Affirmative Defenses.

Mr. Pike sets forth detailed arguments supported by case law challenging various affirmative defenses that Nick's asserts in its answer.  [Dkt. 9-22 (addressing affirmative defenses 2-7).]  Nick's responds that "it does not dispute the allegations and arguments contained in Plaintiff's Motion for Summary Judgment on the liability affirmative defenses contained in Defendant's Answer filed with this Court on or about November 14, 2011, and hereby states that it does not have any evidence to continue to support the liability defenses as stated in said Answer."  [Dkt. 76 at 1.]  Courts rely on the parties to know what is best for them and to advance the facts and arguments that entitle them to relief.  *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.  . . .  Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.").

The Court concludes that Nick's has abandoned the affirmative defenses it did not defend on summary judgment.  Thus, Mr. Pike is entitled to summary judgment on those defenses.  Throughout the remainder of this litigation, Nick's will not be able to assert the following defenses:  that Mr. Pike was not a "consumer" as that term is intended to be used under 15 U.S.C. § 1693, *et seq.*, or 12 C.F.R. § 205, *et seq.*; estoppel; laches; waiver; bona fide error under 15 U.S.C. § 1693m(c); good faith under 15 U.S.C. § 1693m(d); and vandalism, as set forth in 15 U.S.C. § 1693h(d).

### C.    Liability.

Mr. Pike seeks summary judgment as to liability on his claim, brought on his behalf and on behalf of the class, that Nick's failed to display the exterior fee notice required by 15 U.S.C. § 1693b(d)(3).  To succeed on his motion, among other things, Mr. Pike must establish by

undisputed facts that: (1) Nick's is an automated teller machine operator and (2) that the ATM did not display the exterior fee notice during the class period. Mr. Pike has failed to designate evidence to establish these facts.

Title 15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specify the notice to be provided to consumers. 12 C.F.R. § 205.16(b) states:

> General. An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1)   Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2)   Disclose the amount of the fee.

12 C.F.R. § 205.16(c) states:

> (c)   Notice requirement. To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:
>
>> (1)   On the machine. Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>>
>>> (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; **or**
>>>
>>> (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; **and**
>>
>> (2)   Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

(Emphasis added). Title 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required **unless** the

consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c). Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer.
>
> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless –
>
> (i)    the consumer receives such notice in accordance with subparagraph (B); and
>
> (ii)   (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

> (e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry **only if**
>
> (1)   The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2)   The consumer elects to continue the transaction or inquiry after receiving such notices.

(Emphasis added).

An "automated teller machine operator" is defined by 12 C.F.R. § 205.16(a) as "any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

Mr. Pike fails to establish two critical facts necessary to prove liability against Nick's. First, Mr. Pike does not demonstrate that Nick's was an "automated teller machine operator" as defined by 12 C.F.R. § 205.16(a). Second, Mr. Pike does not show that the ATM failed to display the requisite exterior fee notice during the entire class period. The undisputed material

facts show only that the ATM did not have the requisite exterior fee notice on September 27, 2010, when Mr. Pike used the ATM.

First, although Mr. Pike states in his Memorandum in Support of Motion for Summary Judgment that "Defendant is an 'automated teller machine operator' as that term is defined by 12 C.F.R. § 205.16(a)," Mr. Pike does not present any evidence to support this allegation. [Dkt. 60 at 4.] Federal Rule of Civil Procedure 56 requires that when a party asserts that a fact is undisputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Mr. Pike has not done so here. There is no evidence before the Court on Mr. Pike's Motion for Summary Judgment to support Mr. Pike's asserted fact that Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a).

Second, Mr. Pike does not establish as an undisputed fact that the ATM was without the exterior fee notice from September 26, 2010 until September 26, 2011 when the lawsuit was filed. Mr. Pike alleges that "Defendant is unsure when it placed a new fee notice on the ATM but was likely after suit was filed September 26, 2011." [Dkt. 60 at 8 (citing Susan Bright Deposition (Dkt. 60-6)) at 9.] However, Ms. Bright testified as follows:

> Q. So just to clarify, before the period of time [when the lawsuit was filed] were you aware that the law required a notice of ATM fee to be disclosed?
>
> A. To be disclosed in some way, not necessarily on the front of the machine. It could have been enclosed within the machine.
>
> Q. And how were you made aware of that law and that requirement before the complaint was filed?
>
> A. I was sent a sticker at one point, can't give you the date, and I was told to make sure that we always have a sticker on the outside. So as soon as I got it in the mail I went to the machine, and there wasn't one, and I stuck it on. But I was aware that the internal notice fee was still working.
>
> Q. Do you know when you received that sticker?

9

> A. It's evident somewhere that I have turned into [counsel].
>
> Q. Was it through Cornelius or Cardtronics?
>
> A. Cornelius.
>
> Q. Do you know about when they forwarded you that sticker?
>
> A. My mind is not aware right now. I have actually kept the envelope, so I have a postmark.
>
> Q. **Do you think it was before the complaint was filed in September of 2011?**
>
> A. **Maybe. Maybe not.**

[Dkt. 60-6 at 8-9 (emphasis added).] Ms. Bright's testimony does not establish that the ATM lacked the exterior fee notice between September 26, 2010 and September 26, 2011. Indeed, construing Ms. Bright's testimony in the light most favorable to Nick's and resolving all doubt against Mr. Pike, as the Court must do on summary judgment, the Court cannot find that the exterior fee notice was placed on the ATM until *after* September 26, 2011, as Mr. Pike contends.

Mr. Pike's proposed order provides that "[i]t is reasonable to infer that there was no exterior fee notice during the class period." [Dkt. 77-1 at 7.] Mr. Pike seeks to have the Court weigh the evidence and infer that no exterior fee notice posted on the ATM during the class period. However, it is well established that "the court's role in ruling on a motion for summary judgment is to draw inferences in favor of the non-movant, not the movant." *Ebeyer v. Rodriguez*, No. 1:08-cv-01109-JMS-DKL, 2012 WL 5829422, at *5 (S.D. Ind. Nov. 15, 2012) (citing *Schacht*, 175 F.3d at 504). Because the designated evidence shows that it is just as likely as not that the exterior fee notice sticker was placed on the ATM before September 26, 2011, Mr. Pike has failed to establish that the ATM lacked the requisite exterior fee notice during the class period.

Because Mr. Pike has not established through undisputed material facts that Nick's was an automated teller machine operator as defined in 12 C.F.R. § 205.16(a); or that the ATM did not display the exterior fee notice during the entire class period, the Court denies Mr. Pike's motion for summary judgment with respect to liability against Nick's.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Pike's Motion for Summary Judgment [Dkt. 59].  Specifically, Nick's will not be able to assert the following defenses in this litigation:  that Mr. Pike was not a "consumer" as that term is intended to be used under 15 U.S.C. § 1693, *et seq.*, or 12 C.F.R. § 205, *et seq.*; estoppel; laches; waiver; bona fide error under 15 U.S.C. § 1693m(c); good faith under 15 U.S.C. § 1693m(d); and vandalism, as set forth in 15 U.S.C. § 1693h(d).  The Court denies Mr. Pike's motion with respect to its request for summary judgment as to Nick's liability because genuine issues of material fact that preclude the entry of summary judgment.

Pursuant to Fed. R. Civ. P. 56(g), the Court finds that the following material facts are not genuinely in dispute and are established in this case:

1. On or about September 27, 2010, Mr. Pike used the ATM located inside Nick's, located at 423 E. Kirkwood Avenue, Bloomington, Indiana 47408 ("the ATM"), in order to withdrawal cash for personal use.

2. Nick's owned the ATM.

3. On September 27, 2010, the ATM did not have a fee notice sign affixed to it or in close proximity to it informing Mr. Pike that use of the ATM will or may result in an ATM surcharge.

4. Mr. Pike was charged a $1.50 ATM surcharge fee for withdrawing cash from the ATM.

     5.     Nick's has no photographs of the ATM during the class period.

IT IS SO ORDERED.

Date:  03/27/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel